USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/3/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DRYWALL TAPERS AND POINTERS OF GREATER
NEW YORK LOCAL UNION 1974, AFFILIATED
WITH INTERNATIONAL UNION OF ALLIED
PAINTERS AND ALLIED TRADES, AFL-CIO AND
TRUSTEES OF THE DRYWALL TAPERS AND
POINTERS LOCAL UNION NO. 1974 BENEFIT
FUNDS,

       Petitioners,

  -v-

PRECISION INTERIORS CORP. a/k/a PRECISION
INTERIOR CONSTRUCTION CORP.,

       Respondent.
-----------------------------------------------------------------X

21-cv-3704 (LJL)

OPINION & ORDER

LEWIS J. LIMAN, United States District Judge:

  Petitioners Drywall Tapers and Pointers of Greater New York Local Union 1974, Affiliated with International Union of Allied Painters and Allied Trades, AFL-CIO (the "Union") and Trustees of the Drywall Tapers and Pointers Local Union No. 1974 Benefit Funds (the "Trustees, and together, "Petitioners") move, pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9 *et seq.*, to confirm an arbitral award entered by the Joint Trade Board of against Respondent Precision Interiors Corp. a/k/a Precision Interior Construction Corp. ("Precision" or "Respondent"). *See* Dkt. No. 1 ("Petition").

## BACKGROUND

  On November 9, 2020, the Union served Respondent with an arbitration demand, alleging that Respondent had failed to pay wages and benefits to Union members Jorge Avila ("Avila"), Thomas Tejada ("Tejada"), and Wilmer Rauda ("Rauda") for work performed at a

jobsite located at 1633 Broadway, 13th Floor, New York, New York on February 1, 2020. *See* Dkt. No. 2-3. The demand alleged that this failure to pay was in violation of Articles VIII, XX, and XIII of a collective bargaining agreement ("CBA") with the Union to which Respondent was party. *Id.*; *see also* Dkt. No. 2-2. That CBA provided for the submission of disputes to a final, binding decision of the Joint Trade Board. Dkt. No. 2-2, Art. XIII, XIV. The Joint Trade Board held a hearing on December 8, 2020.

On December 28, 2020, the Joint Trade Board issued an award finding that Respondent had failed to pay wages and benefits to Avila, Tejada, and Rauda in violation of the CBA (the "Award"). *See* Dkt. No. 2-1. The Award directed that Respondent make the following payments within ten days of receipt of the Award: (i) $502.11 in wages to Avila; (ii) $502.11 in wages to Tejada; (iii) $502.11 in wages to Rauda; (iv) $719.23 in benefits to the Union; and (v) $4,000 in liquidated damages to the Joint Trade Board.

Petitioners sent the Award to Respondent on January 7, 2021. Dkt. No. 2-4. After Respondent failed to comply with the Award within ten days of its receipt, Petitioners sent another copy of the Award to Respondent and also served a demand letter on January 19, 2021. Dkt. No. 2-5. The demand letter indicated that Petitioners would initiate litigation if Respondent failed to comply with the Award. To date, Respondent has failed to comply with the Award.

Petitioners filed the instant Petition to confirm the Award on April 26, 2021. Dkt. No. 1. They served Respondent on April 28, 2021. Dkt. No. 7. The Court set a briefing schedule on the Petition whereby Respondent's opposition would be filed by May 19, 2021, and Petitioners' reply, if any, would be due May 26, 2021. Dkt. No. 8. Respondent has not appeared in the action and has not filed an opposition.

**DISCUSSION**

The Second Circuit has instructed that when a party has submitted an uncontested

petition to confirm an arbitral award, the court should treat the petition and accompanying materials "as akin to a motion for summary judgment based on the movant's submissions." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). The court must "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)) (internal quotation marks omitted). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary material is presented." *Id.* The burden on the petition to confirm an arbitral award is not onerous. "The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'" *Id.* (quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).

The Court has examined the Petition and the supporting materials and treats them as an unopposed motion for summary judgment. The Court has subject matter jurisdiction over this action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. *See Loc. 802, Associated Musicians of Greater New York v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998) ("Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards.").

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a "substantial part of the events or omissions giving rise to the claim occurred [and] a substantial part of property that is the subject of the action is situated" in this District. Moreover, the award was made in this District. *See D.H. Blair*, 462 F.3d at 105 ("[T]he FAA's venue provision must be read permissively to allow a motion to confirm, vacate, or modify an arbitration award either where

3

the award was made or in any district proper under the general venue statute"). The Court has personal jurisdiction over Respondent, which has its principal place of business and office in New York.

Based on a review of the materials submitted by Petitioners and the applicable law, the Court concludes that "there is no genuine dispute as to any material fact" and that Petitioners are entitled to confirmation of the Award. Fed. R. Civ. P. 56(a). In addition, the Court finds that Petitioners are entitled to attorneys' fees and costs as requested and incurred in connection with this petition. *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. W.W. Timbers, Inc.*, 2020 WL 1922374, at *4 (S.D.N.Y. Apr. 21, 2020) ("Courts 'have routinely awarded attorney's fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court.'") (quoting *Abondolo v. H. & M.S. Meat Corp.*, 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008)) (collecting cases). Given that Respondent has not abided by the Award and has failed to participate in this action, the Court finds that an award of attorneys' fees and costs is appropriate.

## CONCLUSION

For the reasons stated above, the Petition is GRANTED and the Award is CONFIRMED. The Clerk of Court is directed to enter judgment in favor of Petitioners and against Respondent as follows:

(i) Precision shall pay $502.11 to Jorge Avila;

(ii) Precision shall pay $502.11 to Thomas Tejada;

(iii) Precision shall pay $502.11 to Wilmer Rauda;

(iv) Precision shall pay $719.23 to the Local 1974 Benefit Funds;

(v) Precision shall pay $4,000 to the Joint Trade Board of the Drywall Taping Industry; and

(vi) Precision shall pay attorneys' fees and costs incurred in connection with the Petition as well as any costs incurred in enforcing the judgment entered by the Court.

The Clerk of Court is also respectfully directed to close the action.

SO ORDERED.

Dated: June 3, 2021
       New York, New York

                                              LEWIS J. LIMAN
                                        United States District Judge